**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsd.uscourts.gov

FINANCE ERC LLC,

    Plaintiff,

  vs.                                                Civil Action No. 9:24-cv-80038-AMC

LEE GAUSE DDS PC and
LEE GAUSE,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**
**FINAL JUDGMENT AGAINST DEFENDANTS**

Plaintiff, Finance ERC LLC ("Plaintiff"), by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 55(b)(2) and Local Rule Local Rule 7.1(a)(2) hereby moves for the entry of a default final judgment against Defendants, LEE GAUSE DDS, PC and LEE GAUSE (the "Defendants"), and in support thereof states as follows:

1.    On January 12, 2024, Plaintiff filed its Complaint [DE 1] against the Defendants containing counts for breach of contract and fraudulent inducement.

2.    Process was served upon Defendant Lee Gause, DDS, PC, at its business location on January 24, 2024. The Return of Service [DE 7] was filed with the Court. This Defendant is a corporation and is not an infant, incompetent or in the military.

3.    Process was served on Defendant Lee Gause, individually at his place of business on February 20, 2024. The Return of Service [DE 11] was filed with the Court. This Defendant is

Civil Action No. 9:24-cv-80038-AMC

not an infant, incompetent or in the military. A copy of the Affidavit as to Non-Military Service is attached hereto as Exhibit "A."

4. Defendants have failed to answer or otherwise formally respond to the Complaint within the time prescribed by Federal Rules of Civil Procedure Rule 12(a).

5. Upon Plaintiff's Motion [DE 8], a Clerk's Default [DE 9] was entered against Defendant Lee Gause, DDS, PC on February 20, 2024.

6. Upon Plaintiff's Motion [DE 15], a Clerk's Default [DE 16] was entered against Defendant Lee Gause on March 15, 2024.

7. Pursuant to Rule 55(b)(2), the Court is empowered to enter a default judgment against the Defendants for relief sought by Plaintiff in its Complaint when:

    a. The Defendant was served with copies of the Plaintiff's Summons and Complaint as provided by Fed.R.Civ.P. 4(e)

    b. The Defendant has neither answered nor otherwise responded formally to the Plaintiff's Summons and Complaint, and the time to do so has expired, pursuant to Fed.R.Civ.R. 12(a).

8. In addition to service of process on Defendants, undersigned counsel represents that Plaintiff has mailed service copies of all Court filings to Defendants at the address where they were served. Not once have Defendants or any person acting on their behalf reached out or communicated with Plaintiff about this case or the duty to defend since Defendants were served.

Civil Action No. 9:24-cv-80038-AMC

**<u>Plaintiff is Entitled to Default Final Judgment Against Defendants Jointly and Severally</u>[1]**

9. Through their default, Defendants admit the well-pleaded allegations contained in Plaintiff's Complaint. *See e.g. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)(citations omitted).

10. Plaintiff's Complaint contains three counts against Defendants: breach of contract against Lee Gause, DDS, PC (count I); breach of guaranty against Lee Gause, individually (count II); and fraudulent inducement against both Defendants as to the misrepresentations inducing the agreement subject to the prior counts. Each count entitles Plaintiff to damages against Defendants for the sum of $575,801.87.[2]

11. In support of this Motion, Plaintiff submits an Affidavit of Amounts Due and Owing, executed by its Executive Director, Gregory Zink, that establishes Plaintiff is entitled to compensatory damages in the sum of **$575,801.87.** *See* Exhibit "B" attached and incorporated by reference. Said Affidavit sets forth with particularity all amounts owed constituting the damages sought in the Complaint. In addition, the Affidavit states that each allegation set forth in the Complaint is true and correct.

12. The essence of Plaintiff's claims is that it purchased a portion of employment retention tax credits Defendant, LEE GAUSE DDS, PC, was entitled to receive, based on

---

[1] This section seeks to comply with the Notice procedure outlined paragraph (2) page 2 of the Court's Order on Default Final Judgment Procedure [ECF 13]. Here, Plaintiff makes claims against multiple Defendants alleging joint and several liability. Defendants are jointly and severally liable for damages suffered by Plaintiff in the sum of $575,801.87, resulting from Defendants' joint and inter-related conduct toward Plaintiff as part of the same transaction and dealings with Plaintiff, as explained below.

[2] The claim for fraudulent inducement may entitle Plaintiff to further damages, including punitive damages, which Plaintiff elects to forego for purposes of this Motion for Entry to Default Final Judgment.

representations, warranties, and a written guaranty provided by Defendant, LEE GAUSE individually.  At all times, Defendants acted in concert for the purpose of inducing Plaintiff to purchase Defendants' tax credits from them expeditiously and before Defendants could have otherwise received the funds due under the claimed tax credit.  Plaintiff did in fact purchase the agreed upon portion of the tax credits, but Defendants breached their obligations due Plaintiff under the Employee Retention Credit (ERC) Purchase and Sale Agreement (Exhibibt "1" to Plaintiff's Complaint) and Guaranty contained therein.

13. Under the circumstances, Defendants are jointly and severally liable for the damages suffered by Plaintiff.  *See JP Morgan Chase Bank, N.A. v. Mach. & Parts Expert, LLC*, 2018 WL 6620915, at *3 (M.D. Fla. Aug. 2, 2018) (holding guarantors jointly and severally liable for the judgment amount); *Wachovia Bank, Nat. Ass'n v. Horizon Wholesale Foods, LLC*, 2009 WL 3526662, at *4 (S.D. Ala. Oct. 23, 2009)(applying Florida law)(the guarantor obligations made under agreement is jointly and severally liable with its maker, subject to the language of the guaranty itself)(citing First Florida Bank, N .A. v. All World, Inc., 588 So.2d 284, 285 (Fla.Dist.Ct.App.1991)).

14. A proposed Final Default Judgment against Defendants is attached hereto as Exhibit "C."

### Conclusion

Based on the foregoing, Plaintiff, FINANCE ERC LLC, respectfully requests this Court for the entry of a Default Final Judgment against Defendants, LEE GAUSE DDS, PC and LEE GAUSE, and for such other and further relief as this Court determines just and equitable.

Dated: April 4, 2024

Civil Action No. 9:24-cv-80038-AMC

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
*Counsel for Plaintiff*
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone: 954.985.4174
Facsimile: 954.985.4176
kmarkow@beckerlawyers.com
ygomezrivera@beckerlawyers.com
CourtMail@beckerlawyers.com


By:  */s/ Kevin Markow*
     Kevin Markow
     Florida Bar No. 66982


## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of this electronic filing to all counsel of record. A copy of this document was also provided to a service processor, Magic City Process Service, LLC, to serve a copy upon defendant's registered agent. Finally, this document is being sent in hard copy through U.S. Mail to Lee Gause DDS PC, 37 West 67th Street, New York, NY 10019.

By:  */s/ Kevin Markow*
     Kevin Markow
     Florida Bar No. 66982