# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION
www.flsd.uscourts.gov

FINANCE ERC LLC,

    Plaintiff,

vs.                                    Civil Action No. 9:24-cv-80038-AMC

LEE GAUSE DDS PC and
LEE GAUSE,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS

**THIS CAUSE** having come before the Court upon Plaintiff's Motion for Entry of Default Final Judgment Against Defendants, and the Court having reviewed the Motion and being otherwise fully advised on the premises, it is hereby

**ORDERED AND ADJUDGED the Motion is GRANTED.** The Court makes the following findings and conclusions:

Plaintiff is a financial services company that provides businesses a means to obtain access to capital by purchasing businesses' expected Employee Retention Tax Credit ("ERC"). Defendant Lee Gause owns and operates Lee Gause DDS PC, a dental practice in New York City. Plaintiff filed this lawsuit after the parties entered into an Employee Retention Tax Credit (ERC) Purchase and Sale Agreement (the "Purchase Agreement").

The essence of Plaintiff's claims is that it purchased a portion of employment retention tax credits Defendant, LEE GAUSE DDS, PC, was entitled to receive, based on representations, warranties, and a written guaranty provided by Defendant, LEE GAUSE individually. At all times,

Defendants acted in concert for the purpose of inducing Plaintiff to purchase Defendants' tax credits from them expeditiously and before Defendants could have otherwise received the funds due under the claimed tax credit.  Plaintiff did in fact purchase the agreed upon portion of the tax credits, but Defendants breached their obligations due Plaintiff under the Employee Retention Credit (ERC) Purchase and Sale Agreement (Exhibit "1" to Plaintiff's Complaint) and Guaranty contained therein.

The complaint and summonses were served on Defendants on January 24, 2024 and February 20, 2024, respectively.  Plaintiff moved for entry of a Clerk's default against each of the Defendants, which were entered on February 20, 2024 and March 15, 2024  [D.E. 9] [D.E. 11].  On March 4, 2024, this Court entered an Order requiring Plaintiff to file a motion for default final judgment [D.E. 13].  As of the date of this filing, Defendants have not filed any documents in this matter, responded to the complaint or the Clerk's default, nor has any attorney entered an appearance for either Defendant.

### **Default Judgment**

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party who has failed to plead in response to a complaint. Such a judgment is appropriate "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Accordingly, all well-pleaded allegations of fact against that defendant will be deemed admitted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

As such, a plaintiff must provide "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal

quotations omitted). A "sufficient basis" means satisfying the court that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co.*, 516 F.2d at 1206; *see also Surtain*, 789 F.3d at 1245 (concluding that, conceptually, a motion for default judgment should be treated like a reverse motion to dismiss for failure to state a claim).

When evaluating the complaint, a court must determine "whether [it] contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted)). And this plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Surtain*, 789 F.3d at 1245 (internal citations omitted).

Here, the Court has jurisdiction pursuant to and by the provisions of 28 U.S.C. § 1332 and the Court is satisfied that Plaintiff's well-pleaded allegations establish that:

1. Defendants have breached the Purchase Agreement and Guaranty, respectively, as alleged in Plaintiff's Complaint. Defendants further fraudulently induced Plaintiff into entering into the Purchase Agreement and Guaranty by making material misrepresentations upon which Plaintiff relied by entering into the Purchase Agreement and Guaranty and providing the funds agreed upon to purchase a portion of Defendant's ERC.

2. Furthermore, these allegations have been sworn to in an Affidavit signed by Plaintiff.

Accepted as true, these allegations permit the Court to draw a reasonable inference that Defendants have caused the damages suffered by Plaintiff in the amount set forth in Plaintiff's Affidavit. *See Surtain*, 789 F.3d at 1245 (internal citations omitted). Plaintiff's motion for entry of

Civil Action No. 9:24-cv-80038-AMC

Default Final Judgment against the Defendants LEE GAUSE, DDS, PC and LEE GAUSE is hereby GRANTED and Final Judgment will be entered.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this \_\_\_\_ day of April, 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRCT JUDGE**

cc:   counsel of record

    Lee Gause DDS PC
    37 West 57th Street
    New York, New York 10019

4